W. M. ALLISON, Administrator, Respondent, v. THE CITY OF RICHMOND, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Nuisances: BUILDINGS: USE: DESTRUCTION: PROPERTY RIGHTS.** If the use to which a building is being put is so hazardous as to be a nuisance, this would only authorize the suppression of the use, not the destruction of the building, and to legalize the destruction is to violate the right of property.

2. **Municipal Corporations:** FOURTH-CLASS CITIES: NUISANCES. Cities of the fourth class have the power to prevent and remove nuisances, but no power to declare that to be a nuisance which is not so at common law, or declared to be such by some statute; and the power to abate does not warrant the destruction of lawfully erected property.

3. ————: NUISANCES: FRAME BUILDING: FIRE LIMITS: VESTED RIGHTS. A frame building is not a nuisance *per se*, and, when erected while lawful so to do, cannot afterwards be abated by ordinance as being within the fire limits afterward established.

4. ————: UNAUTHORIZED ACTS OF OFFICERS BIND. If a city having power to prevent and remove nuisances, in undertaking to exercise such power, invades and trespasses upon plaintiff's right, it must answer for the consequences.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*C. T. Garner & Son* and *R. B. Kirkpatrick*, for appellant.

(1) The act of the street commissioner, sanctioned by the mayor, or any member of the board of aldermen in the absence of any ordinance, has no more binding force, as the act of the city, than the act of any other person; it is not the act of the city. *Thrush v. City of Cameron*, 21 Mo. App. 394; *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Werth v. City of Springfield*, 78 Mo. 107. (2) The mayor and board of aldermen have power, by ordinance, to prevent and remove nuisances, etc. An ordinance, directing the method by which any building declared to be a public nuisance is to be removed, is sufficient to authorize the removal of such building, when so declared to be a public nuisance, provided the same is a nuisance. Revised Statutes, 1889, sec. 1589; 1 Dillon on Municipal Corporations [3 Ed.] sec. 375, note 2; *Harvey v. Dewoody*, 18 Ark.

252; *City of St. Louis v. Stern*, 3 Mo. App. 48: Horr & Bemis' Municipal Police Ordinances, sec. 221; 7 Lawson on Rights, Remedies & Practice, sec. 3942. (3) An old, dilapidated, substantially valueless house, on a lot in an improved and flourishing part of the city, used for the purpose of storing away old papers, shavings, kindling and other combustible material, so as to endanger life and property, is a public nuisance. 1 Dillon on Municipal Corporations [3 Ed.] sec. 375, note 2; *Ferguson v. Selma*, 43 Ala. 398.

*Jas. L. Farris & Son*, for respondent.

(1) We do not contend that the mere sanction of the mayor or any member of the board of aldermen would be sufficient without more to make the defendant civilly responsible for damages; but it is agreed that the act complained of by respondent was committed by order of the board of aldermen, or the body having legislative authority acting in such capacity at a regular meeting for the appellant. (2) The point we insist on is that the "removal and prevention of nuisances" was within the scope and power of the city of Richmond as a city of the fourth class; but the appellant did not exercise such power in a lawful manner, and did not apply the proper remedy under the power given. And if the legislative body, in star chamber, erred in their judgment in determining whether the building was a public nuisance and ordered the destruction of the property, such destruction was unlawful and wrongful, and appellant is liable for damages. *Hunt v. The City of Boonville*, 65 Mo. 620; *Soulard v. The City of St. Louis*, 36 Mo. 546; *Hickson v. The City of Mexico*, 58 Mo. 61; *Lee v. Village of Sandy Hill*, 40 N. Y. 447; Dillon on Municipal Corporations, sec. 769; *Dooley v. City of Kansas*, 82 Mo. 444.

ELLISON, J.—Plaintiff's intestate was the owner of a frame building in the city of Richmond, Missouri. The building was old, and there was stored or kept therein a lot of "plunder," as designated by the witnesses, consisting of a variety of articles such as coal, kindling wood, old papers, shavings, boxes, etc. This building was declared to be a public nuisance by the defendant city, for the reason that it "was in a dangerous situation and annoying to the public," and the city council ordered the marshal to tear it down and haul it away. The marshal did as ordered, and this suit is for damages for the alleged trespass. Plaintiff recovered in the trial court.

There is nothing contained in the record to show that the building was within the fire limits, or, indeed, that the defendant city had established a fire limit, or, if so, that the building had been erected since its establishment, and in violation of the ordinance in that regard. The city seems to have condemned the *building itself*. The building was assuredly not a nuisance, and to legalize its arbitrary destruction would be to sanction the violation of the right of property. The defendant's officers tore down the building and took away the material. If the use to which the building was being put was so hazardous as to be a nuisance, this would only authorize the suppression of the use and not the destruction of the building. 1 Dillon on Municipal Corporations, sec. 378.

Cities of the fourth class, to which defendant belongs, have authority, by section 1589, Revised Statutes, 1889, to "prevent and remove nuisances," but they have no power to declare what shall be a nuisance, as is provided in some charters. Therefore, defendant city has no power to declare that to be a nuisance, which is not so at common law, or declared to be such by some statute. And the power to abate such nuisance

is said by Wood on Nuisances; 823, not to warrant the destruction of property which has been lawfully erected.

If it be a part of defendant's contention that the defendant city had the power to declare plaintiff's building a nuisance, without reference to a fire ordinance prohibiting frame buildings within a certain limit, then we deny the power. Such power would authorize the confiscation of property and the destruction of vested rights. A frame building is not a nuisance *per se* (Wood, 830), and when erected while lawful so to do, as before stated, cannot afterwards by ordinance be abated as being within fire limits afterwards established. *Wadleigh v. Gilman*, 12 Me. 403–6; *Klinger v. Bickel*, 117 Pa. St. 326, 339.

As we understand the further position of the counsel for the city, it is contended, in substance, that if the city had no authority to order the removal or destruction of this building, then the acts of its officers in carrying out such order will not bind the city. We cannot sustain this position. It is quite fully disposed of, adversely to the contention, in a clear and concise opinion by Judge HENRY, in the case of *Dooley v. Kansas City*, 82 Mo. 444. The defendant city here had authority to prevent and remove nuisances, and in undertaking to exercise such power it invaded and trespassed upon plaintiff's rights, and must answer for the consequences.

Other points made against the action of the trial court cannot be sustained. The petition we regard as stating a cause of action for trespass.

The judgment will, therefore, be affirmed. All concur.