WILLIAM H. FONCANNON, Respondent, v. CITY OF KIRKSVILLE, Appellant.

Kansas City Court of Appeals, April 1, 1901.

1. **Municipal Corporations:** SEWERAGE SYSTEM: LIABILITY OF THIRD CLASS CITIES: NUISANCE. A city of the third class has power to construct sewers; and the fact that it constructs a sewer disconnected from a system and that its proceedings were irregular in directing such construction will not relieve it from damages for its turning out a nuisance, if, as in this case it accepts and pays for the sewer.

2. **Nuisance:** MEASURE OF DAMAGES: REALTY. The rule that the measure of damages for injury to real estate is the difference in its market value immediately before and after the injury does not apply where the injury is temporary and not permanent and may be abated.

Foncannon v. City of Kirksville.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*J. A. Cooley, Ellison & Campbell* and *Reiger & Reiger* for appellant.

(1)   The city is not liable for any acts where it has no jurisdiction of the subject-matter, or that are not within the scope of its powers.   Dillon on Mun. Corp. (3 Ed.), sec. 968; Beach on Public Corp. secs. 762, 763, and notes, and cases cited in notes.   Worley v. Inhabitants of Columbia, 88 Mo. 106.   (2)   No sewer system has been established by the city, and hence it had no power to act in this instance, or to construct the alleged sewer complained of.   Session Acts 1893, pp. 86, 87, secs. 97, 98, 99; R. S. 1899, secs. 5847, 5848, 5849; Bayha v. Taylor, 36 Mo. App. 427; City of Kansas to use v. Swope, 79 Mo. 448; Mfg. Co. v. Schell City, 21 Mo. App. 175; Thrush v. City of Cameron, 21 Mo. App. 394.   (3)   The city is not liable for acts done by its officers, not authorized by ordinance, or where the city had no power to act.   Thomson v. City of Boonville, 61 Mo. 282; Saxton v. City of St. Joseph, 60 Mo. 153; Werth v. City of Springfield, 78 Mo. 107; Keating v. City of Kansas, 84 Mo. 415; Mfg. Co. v. Schell City, supra; Thrush v. City of Cameron, supra; Maudlin v. City of Trenton, 67 Mo. App. 452.   (4)   And the city could not, by subsequent acts, at least except by ordinance duly passed, ratify or adopt acts of its officers done without authority, so as to render itself liable.   Beach on Public Corp. sec. 601, and notes; Maudlin v. City of Trenton, 67 Mo. App. 452; City of St. Joseph ex rel. Danaher v. Wilshire, 47 Mo. App. 125, at p. 132.   (5)   A nuisance which may be removed the day after verdict, or

for the continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party by an order of court, is only a temporary nuisance. Pinney v. Berry, 61 Mo. 359 at p. 367; Dickson v. Railroad, 71 Mo. 575; Hudson v. Burk, 48 Mo. App. 314; Carson v. Springfield, 53 Mo. App. 289. (6) The sewer, if a nuisance, may be abated by injunction—brought by any person injured. Paddock v. Somes, 102 Mo. 226; Wood's Law of Nuisances (2 Ed.), sec. 782, p. 902; Dwight v. Hayes, 150 Ill. 273, and cases cited; Beech v. Elmira, 22 Hun. (N. Y.) 158.

*Millan & Greenwood* for respondent.

(1) Under sections 5847, 5848, 5849 of the charter of cities of the third class, it is within their power to construct sewers. Under section 5864 the city has power to take private property for a sewer route. (2) Where a city, authorized by its charter to take private property for public use, does so without following the mode prescribed, it is liable for the damage caused. Soulard v. St. Louis, 36 Mo. 546; James v. Kansas City, 83 Mo. 567; 2 Dillon on Mun. Corp. p. 973, sec. 971; Elliott on Roads & Streets (2 Ed.), pp. 512, 513, 514; Allison v. City of Richmond, 51 Mo. App. 133; Dooley v. Kansas City, 82 Mo. 444; Smith v. Sedalia, 152 Mo. 283. (3) Emptying the sewage into the ditch shows a purpose to permanently appropriate the ditch as an outlet for the sewage. The ditch runs through plaintiff's land. Even another extension would still appropriate part of plaintiff's land. (4) The cause of the injury is a permanent one. It would not grow less unless remedied by human labor. Powers v. Council Bluffs, 24 Am. Rep. 792; Wood on Nuisances, (2 Ed.), sec. 869, p. 1004; Smith v. Sedalia, 152 Mo. 283; 1 Jaggard on

Torts, pp. 409, 410.   (5)   Under the facts of this case the depreciation in the value of the land by reason of the injury is the proper measure of damages.   Authorities supra.

BROADDUS, J.—This is a suit for damages for maintaining a nuisance.

The petition states that plaintiff is the owner of certain real estate in the city of Kirksville, Missouri, on which there is a building in which he and his family reside; that the defendant has so constructed one of its sewers that its outlet is into a small ditch which, in its course, passes through plaintiff's land; that said sewer empties its noisome contents of filth into said ditch which carries it upon the plaintiff's premises, and that the plaintiff's property has been rendered unfit for residence property in consequence of the filth being carried upon same, by said sewer and ditch.   He asks for permanent damages in the sum of $1,000.

The defendant admits it is a municipal corporation and a city of the third class; and denies all the other allegations of the petition.   The cause was tried before a jury and verdict returned in favor of the plaintiff for $600 upon which judgment was duly entered, from which defendant has appealed.

There was evidence both pro and con as to whether the sewer and ditch were a nuisance to plaintiff, but as that fact was a question for the jury we will give it no further notice.

The defendant and appellant contends that the plaintiff was not entitled to recover, for the reason that the defendant city had no jurisdiction of the subject-matter in suit, that the matter complained of was the result of unauthorized acts of city officers, which acts were not the subjects for ratification unless by city ordinance.

Under sections 5847 and 5848 of the present revision of our statutes, cities of the third class are authorized to establish a

system of sewerage; under section 5847 a system of general sewerage is provided for, and section 5848 provides for district sewerage.   It is claimed that as there had been no system of general sewerage established, the erection of one in question was unauthorized; and that in order to give the city any power or right in that matter the sewer must be a part of a general system.   In support of this theory we are cited to many cases. We have examined them and find that none of them support such a theory.  In Bayha v. Taylor the suit was upon a tax bill and the court held that as the charter of Kansas City required that a district sewer should connect with a public sewer or other district sewer or with the natural course of drainage, that plaintiff could not recover on his taxbills because the ordinance authorizing the construction of the sewer for the payment of which the taxbills involved were issued, provided for its connection with a stream or ravine.   Under the facts therein stated the court held that the ordinance being in conflict with the charter, it was void and no right could be predicated thereon.

The City of Kansas v. Swope, 79 Mo. 448, was a case upon a similar state of facts.   In Rumsey Mfg. Co., v. Schell City, 21 Mo. App. 175, it was sought to hold the city for the price of a fire engine which was purchased without the passage of an ordinance to that effect.   In Thrush v. City of Cameron, 21 Mo. App. 394, damages were sought to be recovered against defendant city, for injury occasioned by a barbed wire fence having been erected across one of the streets in the city.   The fence was erected by the street commissioner without authority of any ordinance.   The court held that the act of the street commissioner was not the act of the city, and for that reason could not be held liable.   Here the city had authority to construct sewers, and the fact that the one in question was not a part of a general or district system can make no difference. The city of Kirksville, in constructing and maintaining the

sewer in question, was acting within the scope of its authority
and is civilly responsible for damages occasioned by its act,
which were in the nature of a trespass, done by its command,
by its agents. Dooley v. City of Kansas, 82 Mo. 444; Alli-
son v. City of Richmond, 51 Mo. App. 133; Hunt v. Boon-
ville, 65 Mo. 620; Thompson v. Boonville, 61 Mo. 283;
Soulard v. St. Louis, 36 Mo. 546. The act of the city in con-
structing the sewer in question was not void but irregular, and
its direction to its officers and agents to construct the same with-
out an ordinance to that effect, was not authority for their
action thereon, yet the city by accepting and paying for the
sewer validated the acts of its officers and agents in the prem-
ises. Water Co. v. Aurora, 129 Mo. 583; Devers v. Howard,
88 Mo. App. 253; Dooley v. City of Kansas, 82 Mo. 447. The
most important question in the case is the measure of damages
adopted by the court in the admission of evidence, and in-
structions to the jury. The court instructed the jury if they
found for the plaintiff the measure of damages was the differ-
ence, if any, in the market value of the land and improvements
before the sewer was extended or built, and the market value
since. "In an action for negligent injury to real estate, the
rule of damages generally adopted is to allow the plaintiff the
difference between the market value of the land immediately
before the injury occurred and the like value immediately after
the injury is complete. But it is obvious that this rule has no
application to such nuisances as may be removed the day after
the verdict or for a continuance of which a second or third
action may be maintained, or which may be abated at the in-
stance of the injured party, by the order of a competent court.
Brown v. Railroad, 80 Mo. 457; Penney v. Berry, 61 Mo.
359. The nuisance here complained of is not a permanent
one and may be removed, and is subject to abatement by the
order of a competent court. Therefore, the instruction of the

court on the measure of damages, and the admission of evidence supporting the theory of the case contained therein, was wrong and in conflict with the authorities last cited. We believe that we have disposed of all the points of importance raised in the case.

Cause reversed and remanded. All concur.