WARREN J. KELLOGG, Respondent, v. CITY OF KIRKSVILLE, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. **MUNICIPAL CORPORATIONS: Tort: Sewage: Pleading: Different Injuries.** In an action for throwing sewage of a city onto plaintiff's land he may unite in one count the damages resulting from the diminution of the market, as well as the rental value, as also injury to the health of the family, since all damages arising from a single wrong make but one cause of action.

2. ———: ———: ———: **Permanent and Temporary Damages.** The injury resulting to land by throwing the sewage of a city into the natural drainage across such land is temporary damages and not permanent damages, since they may be abated at any time. [Following Smith v. Sedalia, 182 Mo. 1.]

3. ———: ———: ———: **Surface Water: Pleading: Instruction.** An instruction should never enlarge the damages pleaded; and so where a petition alleged damages for merely casting sewage onto and through plaintiff's land an instruction permitting recovery for collecting and throwing surface water onto plaintiff's land is error.

Appeal from Randolph Circuit Court.—*Hon. George Robertson,* Special Judge.

REVERSED AND REMANDED.

*H. F. Millan* for appellant.

(1) The court erred in overruling defendant's motion to require plaintiff to elect upon which cause of action stated in the second count of his petition he would proceed to trial. Bliss on Code Pleading (1 Ed.), sec. 118; Spurlock v. Railroad, 93 Mo. 530; Sims v. Railroad, 83 Mo. App. 246. (2) The court erred in holding that plaintiff could recover for permanent injury and damage to his land. (3) Plaintiff's third instruction should have been refused and defendants refused instructions numbered 1, 2 and 3 should have been given. · The injury if any, is not a permanent injury. Foncannon v. Kirksville, 88 Mo. App. 279. (4) Plaintiff's third instruction is clearly erroneous. It allows the plaintiff to recover damages for the collection of surface water by defendant and discharging it into the ditch. This is not claimed in the petition — nor would the proof justify the instruction if it was stated in petition. Reed v. Bott, 100 Mo. 62; York v. Bank, 105 Mo. App. 127; Clements v. Yeates, 69 Mo. 623. ·

*Will A. Rothwell, James E. Rieger* and *Alexander Doneghy* for respondent.

(1) It was not error for the court to overrule appellant's motion to require plaintiff to elect on which of the two counts of the petition he would go to trial; as the petition clearly stated a separate and distinct cause of action in each count, and not one cause of action stated in two counts; and he was entitled if supported by evidence, to recover on each count. Bliss, Code Pleading, secs. 118, 119; Pattison's Mo. Code Pleading, sec. 230. (2) The court did not err in refusing to require plaintiff to elect as to which cause of action he would go to trial on in the second count of the petition, as said count contains but one cause of action, although the damages are of a different class or elements, but all

flow from one and the same injury. Pattison's Mo. Code Pleading, sec. 321; Conoble v. Clark, 38 Mo. App. 482; the motion was untimely, Murphy v. Transit Co., 96 Mo. App. 277; Boyd v. Transit Co., 108 Mo. App. 305. (3) It was not error to permit plaintiff to recover for permanent injury on the second count, as the evidence clearly shows not only diminution of market value but, also, that the character of his real estate was permanently changed by the sewage permanently filling up the pools of water in the stream with a contemptible deposit that would remain there for years even if the sewage did stop flowing onto his land. Smith v. Sedalia, 182 Mo. 1; Wood on Nuisances (2 Ed.), sec. 868; Babb v. University, 40 Mo. App. 173; 1 Jaggard on Torts, p. 408, 6 A. 287. (4) It was not error to give plaintiff's instruction in regard to surface water as the evidence clearly shows that surface water, other than that which would naturally flow on plaintiff's land, was collected in volume by the sewer and cast on the land. Wood, Nuisances (2 Ed.), sec. 118.

JOHNSON, J.—Action against Kirksville, a city of the third class, to recover damages for maintaining a public sewer from which sewage was emptied into a creek which runs through the farm of plaintiff. The suit was begun September 12, 1905, and the amended petition on which the action was tried is in two counts: In the first, the cause alleged is the maintenance of the nuisance from October, 1899, to August, 1902; in the second, the cause is the continuation of the nuisance from November, 1902, to the time of the beginning of this suit. We quote as follows from the second count "that through said lands there flows a natural stream of water in an easterly direction, which said stream furnished a plentiful supply of water for man and beast, which was before the injury hereinafter complained of, pure and wholesome, and added greatly to the value of

said land, and its comfortable use and enjoyment and occupancy, but that the defendant city had constructed and now permanently maintains a sewer which collected and carried the sewage and filthy matter of said city, and the inhabitants thereof who had been permitted by said city to connect privies and water-closets with said sewer, and emptied and discharged its said foul and filthy sewage and contents into said stream at a point on the west near plaintiff's said lands, and by that means, so polluted the water of said stream, as it came down on, and passed over plaintiff's said lands, that it was foul, offensive, unwholesome, and unfit for man or beast, and in its turn, polluted the atmosphere so that the same was thereby rendered offensive and injurious to the health and comfort of the occupants of said lands, and that the defendant city suffered and permitted said sewer to so remain and continuously discharge its foul and filthy contents as aforesaid, from the —— day of November, 1902, until the present time; that by reason thereof, the rental value of plaintiff's lands was greatly reduced in value, his pasturage destroyed, himself and family made sick, and their health injured, and the market value of said lands diminished, thereby damaging this plaintiff in the sum of forty-five hundred dollars."

Defendant attacked this count by motion "that plaintiff be required to elect upon which cause of action stated in the second count of his petition he will proceed to trial . . . because said count of said petition is founded upon or attempts to charge a cause of action for the diminution of the market value of plaintiff's land by reason of the matters alleged in said count and also another and different cause of action for the decrease or diminution in the rental value of plaintiff's lands, and also another cause of action for sickness caused in plaintiff's family by reason of the matters complained of in said petition." The motion was over-

ruled, and one of the errors assigned by defendant, the losing party in the trial court and the appellant here, is that the motion should have been sustained. The ruling of the trial court was proper. There is but one cause of action pleaded in the second count, i. e., the wrongful deposit of filth and sewage on plaintiff's land, from which resulted the different injuries alleged. The rule is well settled that all damages arising from a single wrong make but one cause of action. [Bliss on Code Pleadings, sec. 118; Connoble v. Clark, 38 Mo. App. 1, c. 482; Murphy v. Transit Co., 96 Mo. App. 277; Boyd v. Transit Co., 108 Mo. App. 303.]

The evidence introduced by plaintiff tends to establish the existence of the following state of facts: Plaintiff is the owner of a farm of seventy acres lying east of the city of Kirksville, eight acres of which are within the city limits. The farm is crossed by a natural waterway called Street creek in which surface water flows except in times of drouth. In 1899, the city extended one of its sewers and caused it to discharge sewage into the creek but at some distance above plaintiff's land. In 1902, the city further extended the sewer, thereby bringing the point of discharge much nearer plaintiff's land. A bed of noisome muck formed in the creek in its course over the farm which gave off an annoying and unwholesome stench and polluted the water so that it became unfitted for plaintiff's live stock to drink. Witnesses say this deposit is of such a nature that it would remain indefinitely even should the discharge from the sewer be discontinued and would continue to be offensive and unhealthful. The dwelling house on the farm which is occupied by plaintiff and his family is not far from the creek. No actual damage under the first count is shown by the evidence, nor does it appear that plaintiff suffered any loss of rentals on account of the nuisance. The only damage disclosed was depreciation in the market value of the land caused by the results

of the last extension of the sewer which, as stated is
the foundation of the cause of action pleaded in the
second count.    Defendant admits that it built and ex-
tended the sewer and caused it to empty sewage into
the creek and, in effect, admits that the matter dis-
charged from the sewers constitutes a nuisance on plain-
tiff's land.    The principal issue of fact presented by
the evidence of defendant relates to the extent and
permanency of the injury.    In substance, witnesses
for defendant say that the injury is but temporary and
would cease with the cessation of the discharges into the
creek from the sewer.    At the request of plaintiff, the
court gave the jury the following instructions:

"The court instructs the jury that under the plead-
ings and the evidence in this case the verdict of the
jury must be for the plaintiff under the first count of
the petition in this case, in any sum not to exceed one
dollar.

"The court instructs the jury that if you find and
believe from the evidence in this case that the plaintiff
was the owner of the lands described in the petition
and that through said lands there flowed a natural
stream of water, which said stream furnished a supply
of pure or wholesome water for stock and other pur-
poses, and that the defendant city constructed or main-
tained a sewer which discharged its contents in the said
stream, and by that means polluted the water of said
stream as it passed over said lands, and permanently
changed the character of said stream by leaving deposits
therein, thereby rendering the same unfit for use by man
or beast, and polluted the atmosphere so that the same
was thereby rendered offensive or injurious to the health
or comfort of the occupants of said land from the ——
day of November,1902, until the 12th day of September,
1905, and that by reason of all of which the said lands
were permanently reduced in value, then you will find
for the plaintiff on the second count of the petition, in

:such sum as you may believe from the evidence will reasonably compensate him for the injury, if any is shown by the evidence, not to exceed $4,500 in all; but in considering the elements composing the damages, if any, to which plaintiff may be entitled, you will confine yourselves to the damages, if any, to the market value of the plaintiff's real estate immediately before the failure of the filter in 1902, to operate, and immediately after it ceased to operate, and you can allow him for sickness or injury to the health of his family, only nominal damages, if any, but sickness or injury to the health of his family may be considered by you in connection with the charge of permanent damage to the real estate.

"The court instructs the jury that while the plaintiff cannot recover for any damage caused by the natural surface drainage yet you are further instructed that the defendant city has no right to collect the surface drainage in volume and cast the same on plaintiff's land. Nor has the city any right to carry by means of its sewer, surface drainage near the plaintiff's land and cast the said surface drainage upon the plaintiff's land, which surface drainage would not but for the sewer, reach plaintiff's lands.

"The court instructs the jury that the second count of plaintiff's petition claims damages by reason of the diminution of the rental value of his land, the destruction of his pasturage, injury to the health of himself and family and reduction in the value of his land by reason of the flow of sewage from the Marion street sewer through his land from the —— day of November 1902, to the 12th day of September, 1905.

"On this count of the petition you are instructed that there is no evidence before you under which you can find for the plaintiff by reason of any reduction in rental value of his land, nor by reason of any destruction of pasturage nor by reason of any injury to the health of plaintiff or his family, but may allow nominal

damages for the last item, if you find for the plaintiff on the second count of the petition."

Defendant contends that the court should not have submitted to the jury the issue of whether the injury to plaintiff's land was permanent in character and should have declared as a matter of law that it was temporary. Should we sanction this proposition, it would follow that further error was committed in instructing the jury that depreciation in the value of the land caused by the nuisance was a proper element of damage. Defendant finds support for its views in the case of Foncannon v. Kirksville, 88 Mo. App. 279, where, with facts before us very similar to those under consideration, we said: "The most important consideration in the case is the measure of damages adopted by the court in the admission of evidence, and instructions to the jury. The court instructed the jury if they found for the plaintiff the measure of damages was the difference, if any, in the market value of the land and improvements before the sewer was extended or built, and the market value since. 'In an action for negligent injury to real estate, the rule of damages generally adopted is to allow the plaintiff the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is complete.' But it is obvious that this rule has no application to such nuisances as may be removed the day after the verdict or for a continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party, by the order of a competent court. [Brown v. Railroad, 80 Mo. 457; Pinney v. Berry, 61 Mo. 359.] The nuisance here complained of is not a permanent one and may be removed, and is subject to abatement by the order of a competent court. Therefore, the instruction of the court on the measure of damages, and the admission of evidence supporting the theory of the

case contained therein, was wrong and in conflict with the authorities last cited."

As we understand the opinion of the Supreme Court in the later case of Smith v. Sedalia, 182 Mo. 1, a different view of the law is entertained by that tribunal. Speaking through VALLIANT, J., the court says: "If the defendant city has collected its sewage and discharged it in a volume into the creek to the injury of the plaintiff he is entitled to compensation for the depreciation caused thereby in the market value of his land if that is shown, for the destruction of its comfortable use and occupation if that is shown, and for actual loss of rents if that is shown." And as we are bound by that decision, we must hold that the learned trial judge correctly instructed the jury in the respects under consideration.

But we find prejudicial error in the giving of the third instruction. The evidence of plaintiff tends to show that in addition to the discharge of sewage where it would injure plaintiff, defendant collected surface water and discharged it from the mouth of the sewer, thereby injuring the land of plaintiff. The petition complains of but one wrong, i. e., the collection and precipitation of sewage and it particularizes the injurious consequences to plaintiff of that wrong. It is silent on the subject of surface water and, therefore, defendant was not notified to prepare to meet the issue submitted in the instruction under review. No rule is better settled than that which prohibits an enlargement in the instructions of the scope of the cause pleaded. Where the damages resulting from the wrong alleged are specially averred, a recovery of other damages will not be allowed and where, as here, the instructions include such other damages, they enlarge the scope of the cause of action. For this error, the judgment is reversed and the cause remanded.

*Ellison, J.*, concurs; *Broaddus, P. J.*, concurs solely on authority of Smith v. Sedalia, supra.