### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

#### AT THE

### MARCH TERM, 1910.

---

*(Continued from Volume 148)*

---

## WARREN J. KELLOGG, Respondent, v. CITY OF KIRKSVILLE, Appellant.

St. Louis Court of Appeals. Argued and Submitted May 4, 1910. Opinion Filed May 31, 1910.

1. **MUNICIPAL CORPORATIONS: Pollution of Watercourse: Prescriptive Right: Pleading.** In a suit for damages against a city for the pollution of a stream by the discharge of sewage into it, a plea that the wrong complained of, if any, accrued more than ten years before the commencement of the suit is insufficient as a plea of prescriptive right, in that it does not comprehend all the essentials necessary to establish a right in the city by user.

2. ——: ——: **Statute of Limitations.** A suit brought against a city in 1905 for·damages resulting from the pollution of the stream through a sewer, the construction of which was commenced in 1894, but which was extended at various times, the final extension to the stream in question being made in 1902, was not barred by the Statute of Limitations.

3. ——: ——: **Damages: Permanent Damages: Theory of Parties.** A recovery by plaintiff, in a suit against a city for polluting a stream by discharging sewage, will be regarded as awarding permanent damages, where the trial proceeded upon the theory that such damages were sought.

4. ———: ———: **Evidence.** In a suit against a city for polluting a stream by discharging sewage, it was competent for plaintiff to show that sediment collected in holes and pools along the course of the stream.

5. ———: ———: **Excessive Verdict.** Three Thousand, One Hundred and Fifty Dollars is not an excessive recovery for permanent injuries to a landowner, caused by the pollution of a stream by a city through discharging sewage.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

AFFIRMED.

*H. F. Millan* for appellant; *Bond, Marshall & Bond*, of counsel for appellant.

(1) There is no allegation in the second count of the petition that holes or pools in the creek were filled up. The plaintiff attempted to specify the injuries to his land and cannot go outside of those stated. Pinney v. Berry, 61 Mo. 359. The circuit court erred in permitting the plaintiff, over the objections of the defendant, to prove that one of the consequences of the sewage in the stream was to fill up pools or holes that had held water. Pinney v. Berry, 61 Mo. 359; Smith v. McCanathy, 11 Mo. 518. (2) The defendant is not liable in this case unless the plaintiff shows that the defendant had notice of the nuisance on the defendant's land and was requested by plaintiff to abate the same. Gleason v. Kirksville, 136 Mo. App. 521; Martin v. St. Joseph, 136 Mo. App. 316; Rychlicki v. St. Louis, 115 Mo. 662. A void ordinance is no ordinance. An ordinance for the construction of a sewer is void unless the sewer provided for is a part of a sewer system. The ordinance is void. Bayhe v. Taylor, 36 Mo. App. 427. The petition must allege city had power to abate nuisance. Martinowsky v. Hannibal, 35 Mo. App. 70. (3) The circuit court erred in refusing proper instructions asked by defendant and in not holding that there was no

evidence adduced entitling the plaintiff to go to the jury, and further in not holding that the plaintiff's cause of action is barred by limitation. Pomers v. Railroad, 71 Mo. App. 540; Idem 158 Mo. 87; Smith v. Sedalia, 152 Mo. 1. c. 297; Sec. 4273, par. 3, R. S. 1899; 21 Am. and Eng. Ency. Law (2 Ed.), 734 *et seq.,* and cases cited in notes. Bricken v. Cross, 163 Mo. 449; Buell v. St. L. Transfer Co., 45 Mo. 562; Lilley v. Tobin, 103 Mo. 477; Courtney v. Blackwell, 150 Mo. 271. The period of limitations is five years. DeGeofroy v. Ter. Ry., 179 Mo. 698. If defendant had used the stream as an outlet for the sewer for ten years prior to the commencement of this suit, it had acquired a right to so use it, by adverse possession. Marble Co. v. Gas. Co., 128 Mo. App. 96. (4) The damages are excessive.

*James E. Rieger* and *F. H. McCullough* for respondent.

REYNOLDS, P. J.—This is the second time that these parties have been before the appellate courts with this case, and the third time that this sewer, or part of it, has been under judicial consideration, as see the cases of Foncannon v. City of Kirksville, 88 Mo. App. 279 and Kellogg v. City of Kirksville, 132 Mo. App. 519, 112 S. W. 296. From a judgment in favor of this plaintiff this defendant appealed to the Kansas City Court of Appeals, the trial having been had in the Randolph County Circuit Court. The Kansas City Court of Appeals reversed and remanded the case for an error in giving an instruction. The material facts in the case are set out by Judge Johnson, who delivered the opinion of the Kansas City Court of Appeals, reported 132 Mo. App. 519, 112 S. W. 296, and those facts are substantially here again. After the cause was remanded the venue was changed to Knox county where at a trial before the court and jury, a verdict was again rendered in favor of plaintiff for $3150. It is from the judgment on this

verdict that the present appeal is prosecuted. The error for which the case was formerly reversed by the Kansas City Court of Appeals was the giving of an instruction to the effect that the plaintiff was entitled to show, as one of the elements of injury caused to his land by the construction of the sewer, that the sewer collected surface water and discharged it from the mouth of the sewer thereby injuring the land of plaintiff. The Kansas City Court of Appeals held this element of damages not within the averments of the petition. At the trial now under consideration no such instruction was given so that the case comes to us without that error. At the present trial the plaintiff abandoned the first count of his petition, which laid damages by reason of the construction of the sewer as having accrued and occurred between October, 1899, and August, 1902. The second count on which the case went to the jury at this last trial avers that the defendant "had constructed and now permanently maintains, a sewer which collected and carries the sewage and filthy matter of said city, and the inhabitants thereof who had been permitted by said city to connect privies and water-closets with said sewer, and emptied and discharged its said foul and filthy sewage and contents into said stream at a point on the west near plaintiff's said lands, and by that means, so polluted the water of said stream, as it came down on, and passed over plaintiff's lands, that it was foul, offensive, unwholesome, and unfit for man or beast, and in its turn, polluted the atmosphere so that the same was thereby rendered offensive and injurious to the health and comfort of the occupants of said lands, and the defendant, city, suffered and permitted said sewer to so remain and continuously discharge its foul and filthy contents as aforesaid, from the——day of November, 1902, until the 12th day of September, 1905; that by reason thereof, the rental value of plaintiff's lands was greatly reduced in value, his pasturage destroyed, himself and family made sick, and their health injured,

and the market value of said lands diminished, thereby damaging this plaintiff in the sum of forty-five hundred dollars for which said sum he prays judgment." The cause was commenced September 12, 1905, the amended petition on which it went to trial being filed December 8, 1908.

After various motions to make this amended petition more specific and definite and to consolidate, etc., all of which were overruled, defendant answered a general denial, then, as to the second count avers, "that plaintiff's cause of action, if any, stated therein did not accrue within five years before the commencement of this suit;" that the wrong, if any, complained of in both the first and second counts is caused from the same source and if there was any wrong or injury to plaintiff it accrued more than ten years before the commencement of the suit, and that the wrongs complained of in the two counts did not accrue within five years before the filing of the original petition nor within five years before the filing of any of his amended petitions; that whatever cause of action plaintiff had, accrued in July, 1894. There was a reply to this of a general denial. We do not consider it necessary to make any fuller statement of facts than contained in the report of the case in 132 Mo. App. supra.

The trouble with plaintiff's pleas of the Statute of Limitations is twofold: First, they do not comprehend all the essentials necessary to establish a right in the city by user, if a prescription right is endeavored to be pleaded. [Smith v. City of Sedalia, 152 Mo. 283, l. c. 297, 53 S. W. 907.] In the next place the evidence shows that while the construction of the sewer was commenced in 1894, it was extended at various times until finally in 1901 or 1902, under an ordinance passed by the city council of the city of October, 1901, the extension was made which brought it down to Steer's Creek, which runs through plaintiff's land, so that it was not extended to Steer's Creek until 1902. This suit was

commenced in 1905, so that neither statute is a bar. Some of the learned counsel for the appellant, who did not participate in the trial of the case in the circuit court, have evidently been misled by defendant's abstract in making the statement which they do in regard to the opinion of the Kansas City Court of Appeals. They say that decision is not applicable to the present case, because it is stated in it that the sewer was built in 1889 and extended nearer to plaintiff's farm in 1902. These counsel aver that there is no such evidence in the record now before this court; that on the contrary plaintiff here, in this last trial, proved it was built in 1894, "and there is no countervailing testimony." Counsel are in error in this statement, as a supplemental abstract filed by the counsel for the respondent very clearly shows by ordinances and testimony introduced, that the sewer was not extended to the creek until 1901 or 1902, and that about those years it was also extended to cover a much larger territory and drain many more vaults, etc., than it had done at any time prior thereto.

Counsel seek to attack the validity of the action of the city council in the construction of the sewer. We think the decision in Foncannon v. Kirksville, supra, settles this against defendant.

The most serious contention in the case is as to whether this suit is for damages accruing prior to the institution of the suit, or as for a permanent nuisance, this involving the question of a correct assessment of damages, counsel claiming that the nuisance complained of is not a permanent one and may be removed and is subject to abatement by the order of a competent court and that the plaintiff may sue from time to time for any damage he may suffer by its continuance, as held in the Foncannon case, and that therefore the instruction of the court on the measure of damages and its rulings on the admission of evidence was wrong, and the damages awarded excessive. We do not accede to this proposition as applied to this case. The case was tried through-

out on the theory that recovery was sought for the permanent damage inflicted by the alleged nuisance; on the theory that it was a permanent nuisance. From the record in the case we cannot conceive that there is any danger of a court of equity or any other tribunal again opening up this case for an assessment of further damages to this plaintiff growing out of its creation. To remove any doubt on that matter we say now that we understand the verdict and judgment in this case to be a judgment and the damages awarded by the verdict to be damages assessed for all injuries which have arisen or shall hereafter be suffered by this plaintiff by reason of the construction of this sewer. Without further examination of the case and referring to what was said when the case was before the Kansas City Court of Appeals and as reported 132 Mo. App., supra, we think that the assessment of damages in this case was made upon the correct theory. Defendant complains that the Kansas City Court of Appeals, in 132 Mo. App., supra, has misapprehended the decision of the Supreme Court in Smith v. Sedalia, 182 Mo. 1, 81 S. W. 165. We do not think so. Defendant also complains that evidence was allowed to be introduced as to the collection of sediment in holes and pools along the course of the stream and that this is not within the allegations of the petition, the allegations of the petition being the pollution of the water. We are unable to concede this or to appreciate its force. The water flowing over these cesspools is clearly shown to be contaminated; necessarily one would think that would result. There is posiive, affirmaive testimony as to the unwholesome effect of this pollution of the stream by reason of the sewage being carried into it, to the depreciation of the land both in its rental value and in its market value, all of which the Supreme Court in the case of Smith v. Sedalia, supra, has held to be elements of damage in a case of this kind, and believing that in this one action plaintiff has concluded himself from all further action on account of this sewer, we do not

DeLisle v. Railroad.

think that the amount of the verdict is excessive. We decline to assess damages as for a vexatious appeal, as we are asked to do.

The judgment of the circuit court is affirmed. All concur.