I. WINDLE and MARY WINDLE v. CITY OF SPRINGFIELD, Appellant.—
8 S. W. (2d) 61.

Division Two, June 21, 1928.

*Dan M. Nee* and *William B. Skinner* for appellant.

*Fred A. Moore, E. J. McNatt* and *Hamlin, Hamlin & Hamlin* for respondents.

WALKER, J.—This is a suit brought by a husband and wife, residents of Greene County, to recover damages for the pollution of a spring and lake on their land located in said county. It was tried in Lawrence County, presumably on a change of venue, and a judgment rendered in favor of the plaintiffs, from which the defendant prosecuted an appeal to the Springfield Court of Appeals, wherein the judgment of the Circuit Court of Lawrence County was reversed and remanded, and the case certified to this court on the alleged ground that the opinion rendered was in conflict with the case of Foncannon v. City of Kirksville, 88 Mo. App. 279, decided by the Kansas City Court of Appeals.

It is unnecessary to set forth the evidence. Its probative force was sufficient to authorize the finding by the jury that the pollution of the plaintiffs' spring and lake was due to percolations from a sewer connection installed by contractors employed by the defendant. The sole question demanding solution is the liability of the defendant, to be determined from its legal connection with the installation of this system of drainage which caused the contamination of the plaintiffs' water and their consequent injury.

The record of the proceedings of the City Council of Springfield shows that under the authority of that body the Commissioner of Streets and Public Improvements was authorized by a resolution to purchase and install and that he did purchase and install the sewer

pipe through which the sewage from that section of the city was caused to flow upon and through the land belonging to the plaintiffs upon which the spring and lake were located. At the close of the testimony on behalf of the plaintiffs the defendant asked an instruction in the nature of a demurrer to the evidence which was refused, defendant excepting.

The defendant then introduced testimony to the effect that the water of the spring was not contaminated. The testimony of defendant's witnesses was in the main contradictory of that of the plaintiffs. The jury gave credence to the testimony of the latter.

I. There is nothing in the abstract to show how or in what manner this case was tried and determined in Lawrence County. Its proper venue was in Greene County. The abstract should at least have shown how the transfer was made. Our circuit courts are of a like general jurisdiction. Each court, therefore, in this instance had jurisdiction of the subject-matter of this action, unless the jurisdiction of the Circuit Court of Lawrence County can be impugned because the record does not show that a change of venue was granted and an order therefor was made. In view of the fact that the parties appeared and participated in the trial without interposing any objections to the regularity of the proceedings, the wholesome presumption, recognized by tribunals elsewhere, that where a court of like powers and subject to the same system of procedure as another, takes jurisdiction of a case, it acquires by such change the same jurisdiction which would have been possessed by the court from which the venue was changed. Adopting this presumption we hold that the Lawrence County Circuit Court was authorized to render any judgment which might have been rendered by the Greene County Circuit Court. [Hazen v. Webb, 65 Kan. 38, 93 Am. St. Rep. 276; State v. Kusel, 29 Wyo. 287, 213 Pac. 367, 7 R. C. L. sec. 72, p. 1040.]

II. The contention of the defendant is that the extension of the sewer not having been authorized by the enactment of an ordinance it cannot be held liable for injuries resulting from the use of the same. This contention is based upon the assumption that the statute (Sec. 7976, Sub-divs. XI, XIV and XXIX, R. S. 1919) is mandatory, and not permissive, and instead of conferring power upon the city it is a limitation upon its power in regard to the construction and installation of sewers. It is enough to say that the initial sentence of said section (7976) in defining the powers of cities of the class of defendant provides that "every city of the second class shall have power, by ordinance, not inconsistent with the Constitution, or any laws of this State, or of this article" to enact ordinances as there-

inafter set forth. This initial sentence sufficiently defines the character of the city's power in this regard without requiring a further consideration of the same, especially in view of the facts in this case. From the contention as thus made the conclusion necessarily follows that the act of the city being wholly unauthorized or void, it should not be held liable for the injury which was the result of an act ordered by the defendant when initiated and approved by it when completed. This contention seeks support in the assumption that the act of defendant was legislative rather than ministerial and that the contractor performing the work may be held answerable in damages for any injury resulting from the installation of the sewer and not the defendant. On the contrary, it has been held in many cases in different jurisdictions that in the planning, installation and use of a sewer which results in an injury to private property, the act of the municipality is neither *quasi*-judicial nor legislative but ministerial; and that the municipality may be held liable for the same. Following the trend of these cases we find that it has been held if a city constructs a sewerage system, not according to any plan or according to a plan not properly adopted, it is not acting in its governmental or legislative capacity and cannot escape liability on that plea. [Evansville v. Decker, 84 Ind. 325, 43 Am. Rep. 86; Hart v. Neillsville, 125 Wis. 546, 4 Ann. Cas. 1085, 1 L. R. A. (N. S.), 952 and notes.]

The question of the defendant's liability under the facts in this case does not depend upon the character of its act in ordering the installation of this sewer. That it was constructed under its authority it concedes and defendant contends that its act in so doing was not *ultra vires*. We are, therefore, confronted with this state of facts, in determining the defendant's liability; was the control and use of the sewer after its installation and during its operation such as to cause the damages complained of by the plaintiffs?

However uniform the rule may be as to the non-liability of a municipality for acts in the exercise of its governmental or legislative capacity, it does not apply when the municipality makes such a use of its own land after the construction of the sewer as to constitute, as at bar, a private nuisance. Here the sewer was constructed upon the land of the city. In its use sewage flowing through the sewer percolated the adjacent soil and contaminated the plaintiffs' spring and lake, rendering the water of same unfit for domestic or other use and ladening the air with foul odors.

This general rule, sanctioned by many courts of last resort, may, under the facts at issue, be held applicable in the determination of the instant case; if a sewer, whatever its plan, or the conditions under which it was installed, is so constructed as to cause a positive and direct invasion of the plaintiffs' property by percolating the

soil in such a manner as to contaminate the owner's water to such an extent as to render it unfit for use, then the city may be held liable in an action for damages arising from such injury. [Joplin Consol. Min. Co. v. Joplin, 124 Mo. 129, 27 S. W. 406; Cape Girardeau v. Hunze, 314 Mo. 1. c. 471, 284 S. W. 471; Smith v. Sedalia, 152 Mo. 283, 303, 53 S. W. 907.]

The case of Foncannon v. Kirksville, 88 Mo. App. 279, announces the correct rule under a like state of facts to that at bar. The judgment of the trial court is without error and it is affirmed. All concur.