## BOWIE SEWERAGE CO. v. VANN et al.*

### No. 12722.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 22, 1932.

Rehearing Denied March 11, 1933.

J. W. Chancellor, of Bowie, for appellant.

Donald & Donald, of Bowie, for appellees.

DUNKLIN, Justice.

On January 25, 1925, P. B. Vann and wife, Emma E. Vann, purchased a tract of 100 acres of land near the town of Bowie. Immediately thereafter the purchasers established their home upon the land, which was

then improved, for themselves and family, and proceeded to use the same for farming and dairying purposes. The land was traversed by a creek on which the Bowie Sewerage Company had established a sewerage system which served the inhabitants of the city of Bowie. As a part of the sewerage system, a septic pool was established, in which the sewage from the city of Bowie emptied. The septic pool was so situated that the overflow therefrom passed into the creek and the flow of the creek from that point passed down its channel across the Vann land.

This suit was instituted by Vann and wife against the Bowie Sewerage Company to recover damages for the depreciation in the market value of their land and also for injury to their health while occupying the property by reason of the pollution of the creek, caused by filth and other matter, which rendered the air so offensive to the smell and carrying germs of disease that they were thereby forced to abandon the property on October 28, 1928, and move into the city of Bowie and there rent a home as their dwelling place.

Following numerous exceptions to plaintiffs' petition and a general denial of the allegations therein contained, the defendant pleaded specially as follows: "Further answering herein, the defendant says that it is true that it has a septic tank located at a distance north and northwest of the premises described in plaintiffs' petition, and further it says that it had and maintained such septic tank at exactly the same place, and in exactly the same manner, for many years prior to the time plaintiffs purchased the premises described in their petition, and that when plaintiffs purchased said land that they knew the condition existing therein and bought such premises subject thereto, and are stopped from claiming damages invited by themselves."

The trial was before a jury, to whom were submitted special issues, preceded by definitions of the terms "nuisance" and "proximate cause"; and the following is the substance of the findings of the jury in answer to those issues: The sewerage disposal plant as operated by the defendant at the times complained of by plaintiffs constituted a permanent nuisance, and as a proximate result thereof which reasonably should have been anticipated by the defendant, the market value of plaintiffs' land was depreciated to the extent of $4,000; and plaintiff P. B. Vann sustained injuries to his health in the sum of $2,250; and plaintiff Mrs. Emma E. Vann sustained injuries to her health in the sum of $1,750. Upon the verdict so returned, judgment was rendered in plaintiffs' favor for the sum of $8,000, from which the defendant has prosecuted this appeal.

The evidence shows without contradiction that the septic pool was constructed in the year 1916, some nine years before the plaintiffs' purchase, and that it has been operated as originally constructed, in the same manner and with the same flow of sewage matter therefrom, ever since. The finding of the jury that the nuisance complained of was a permanent nuisance was based on that evidence and the award of damages for depreciation of the market value of the property was by reason of that permanent nuisance.

Indeed, in their briefs, in support of the contention that the sewerage system was a permanent nuisance, plaintiffs have stressed testimony offered by them showing that M. A. Joy, president and chief owner of the sewerage plant, in reply to plaintiffs' complaint to him of the offensive odors from the flow of sewage across their land, coupled with a request that the same be abated, stated that it was impossible to so change the system to avoid that complaint, and that statement of Joy was also alleged in plaintiffs' petition to show the permanency of the nuisance. Furthermore, when tested by the authorities, we believe the facts recited above were sufficient to sustain the finding of permanent nuisance, at all events; nor has that finding been challenged for lack of sufficient supporting evidence.

The case of Rosenthal v. Taylor, Bastrop & Houston Ry. Co., 79 Tex. 325, 15 S. W. 268, 269, was a suit for damages by the owner of lots in the city of La Grange upon which the plaintiff resided with his family, and the damages sought were alleged to result: First, from a faulty construction of the embankment upon which the track was laid, by reason of which water was caused to stand in pools upon the lots; and, in the second place, from noise, dust, and smoke, and cinders caused by the operation of defendant's trains. In that case, in an opinion by Associate Justice Gaines, the following was said:

"When the consent of the municipal authorities of La Grange for the construction of the road was procured, the contract was performed, so far as the street and the holders of abutting property were concerned; and the plaintiff was not estopped to claim damages for a depreciation in his property resulting from noise, smoke, cinders, and dust created by passing trains. The operation of the road, under the circumstances complained of, if done without authority of law, would have been a nuisance. The company lawfully acquired the right to operate the road along the street, subject, however, to that provision of the Constitution which secures indemnity to those whose property is damaged for a public use. [G., H. & W.] Railway v. Hall, 78 Tex. 169, 14 S. W. 259 [9 L. R. A. 298, 22 Am. St. Rep. 42].

"But the act of the defendant in so con-

structing its roadbed as to obstruct the flow of the water was contrary to the provisions of our statute, and when the water so obstructed became stagnant and offensive, so as seriously to discommode the plaintiff and his family in the enjoyment of their residence, the obstruction became a nuisance, and the defendant liable to him for the damages resulting from it. * * *

"The controlling rule in actions for injuries resulting from similar nuisances would seem to be to adopt in each case that measure of damages which is calculated to ascertain in the most certain and satisfactory manner the compensation to which the plaintiff is entitled. When the injury is liable to occur only at long intervals, or when the nuisance is likely to be removed by any agency, the damages which have accrued only up to the time of the action will be allowed; but if the nuisance is permanent, and the injury constantly and regularly recurs, then the whole damage may be recovered at once. In a case like this the resulting depreciation in the value of the property is the safest measure of compensation. Here it may be inferred from the evidence that the injury recurs upon each considerable rain-fall, and continues during a stage of offensive stagnation until the water evaporates. The defendant seems to have treated the work as permanent, since they have failed upon application, to make a culvert for the passage of the water; and we are of opinion the depreciation in the value of plaintiff's property is the most certain measure of his damages for the injury."

In 20 R. C. L. p. 465, the following is said: "If a private nuisance is of such a character that its continuance is necessarily an injury, and it is of a permanent character, that will continue without change from any cause but human labor, and dependent for change on no contingency of which the law can take notice, then the damages are original, and according to the weight of authority a right of action at once exists to recover the entire damage, past and future, and one recovery will be a bar to any subsequent action."

See, also, City of Paris v. Allred, 17 Tex. Civ. App. 125, 43 S. W. 62 (writ refused); Kellogg v. City of Kirksville, 132 Mo. App. 519, 112 S. W. 296; Id., 149 Mo. App. 1, 129 S. W. 57; McDaniel v. City of Cherryvale, 91 Kan. 40, 136 P. 899, 50 L. R. A. (N. S.) 388; Coneste Mills v. Greenville, 160 S. C. 10, 158 S. E. 113, 75 A. L. R. 519, and notes of decisions in that report, beginning on page 529; Hayes v. St. L. & S. F. Ry. Co., 177 Mo. App. 201, 162 S. W. 266; 46 C. J. pp. 650, 685; 37 C. J. § 251, p. 886; Williams v. City of Dallas (Tex. Civ. App.) 52 S.W.(2d) 373, and authorities there cited.

The conclusion therefore is unavoidable that if the nuisance was a permanent nuisance while plaintiffs occupied their property as found by the jury, it was so when the water in the creek, which passed over the property, was first polluted in the year 1916.

■ The question then arises as to whether or not plaintiffs can recover for the depreciation in the market value of their land caused by the permanent nuisance which had existed nine years before their purchase; and the determination of this issue is unaffected by the failure of the defendant to present a plea of limitation to plaintiffs' suit.

■■ If the nuisance was permanent, then a cause of action accrued to plaintiffs' predecessor in title who owned the land when the pollution of the stream by reason of the flow of sewage from the septic pool across the land was first apparent. 17 C. J. 716, and authorities cited above. Whether or not he was ever compensated for that right of action does not appear from the record before us. But even if he was not, that right of action was never acquired by plaintiffs by subsequent conveyances of the land to them, since it was a personal right in him. 46 C. J. 737. It follows, then, that plaintiffs acquired the property with its market value already depreciated by reason of the permanent nuisance and therefore they are in no position to claim damages to which such former owner alone was entitled, if any, the measure of which was the depreciation in the market value of the property, in the determination of which personal discomforts resulting from noxious odors and germs of disease emanating from the sewage could be taken into consideration. And in this connection it is to be noted that plaintiffs' suit was not based on any allegations of negligence in the manner the sewerage system was operated, nor was there any allegation of any change in the original construction of the septic pool; and the verdict did not include a finding of any of those issues. The cause of action presented in plaintiffs' pleadings was for damages for the permanent depreciation in the market value of the land and personal discomforts through its use as an incident to their ownership, caused solely by the permanent nuisance.

From the foregoing conclusions it follows that the judgment of the trial court must be reversed and judgment be here rendered for appellant, without discussing other questions presented in appellant's brief, a determination of which becomes unnecessary, and is accordingly so ordered.