Argued March 24, reargued June 1, affirmed July 26, 1921.

## PALMBERG *v.* ASTORIA.

(199 Pac. 630; 16 A. L. R. 1125.)

**Municipal Corporations—Cannot Escape Liability for Tort, Unless There is Equivalent Remedy Against Officer Committing Wrong.**

1. A municipal corporation cannot escape liability for an ordinary tort arising from its negligent acts or omissions, unless its charter or ordinance provides an equivalent remedy against the officer through whose agency or negligence the wrong was committed.

**Municipal Corporations—When Liable to Contractor for Negligent Mistake in Estimates.**

2. Where a city advertises for bids on improvements, contractors have the right to rely on estimates of the city as to amount of earth required for an embankment, and need not make new surveys or calculations from a profile on file in order to verify the city's calculations, and may recover damages from the city resulting from its negligent error in computation; but the error must be due to carelessness, negligence or incompetency of the agent of city who made it.

**Municipal Corporations—Contractors Did not Waive Right to Recover for Negligent Mistake in City Surveyor's Computation by Failure to Rescind on Discovery.**

3. A contractor, by proceeding to complete his contract after discovery of mistake in city surveyor's computations as to amount

---

1. Liability of municipal corporation for torts not sanctioned by their charters, see note in 34 Am. St. Rep. 25.

2. Liability of municipal corporation for negligence and other misconduct of its officers and agents, see note in 30 Am. St. Rep. 876.

of earth required for an embankment, does not thereby waive his right to recover for an additional expense incurred by reason of the negligent mistake, since a party induced by a false representation to enter into a contract may proceed to perform, and sue for damages for the misrepresentation.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This is an action to recover damages which the plaintiff claims to have sustained by reason of an error committed by the defendant through mistake, in materially understating in its specifications the amount of embankment required to complete an improvement upon a street of defendant city, by reason of which misrepresentation the plaintiff was induced to bid a lower sum for completing the improvement and to expend a greater sum of money therefor than would have been necessary had the conditions been as specified in defendant's advertisement for bids. A further statement of facts appears in the opinion.

There was a general demurrer to the complaint, which was sustained. The plaintiff's refusal to plead further was followed by a judgment dismissing the action, from which judgment plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondent there was a brief over the names of *Mr. Olaf Anderson,* former City Attorney, *Mr. James W. Mott,* City Attorney, *Messrs. Anderson & Setters,* and *Messrs. G. C.* and *A. C. Fulton,* with an oral argument by *Mr. G. C. Fulton.*

101 Or.—15

McBRIDE, J.—Taking the complaint as true, the facts may be concretely summed up as follows: The city council, having in contemplation the improvement of Olney Avenue, a street in Astoria, directed its engineer and surveyor to prepare plans and specifications, which was done; and as an exhibit to the complaint a profile of the proposed improvement and the following specifications are attached, and it is alleged that these were also made a part of the contract between plaintiff and the defendant city. It is not alleged that these constituted all the plans and specifications on file with the city auditor. The specifications which are included in the complaint are as follows:

| "Item No. | Items of Work and Material | Unit | |
|---|---|---|---|
| | Total Quantities | Units. Prices. | Totals. |
| Excavation ........... | 9,650 cu. yds. | Cu. Yds. | |
| Embankment .......... | 17,087 cu. yds. | cu. yds. | |
| 16′ planked roadway... | 390 ft. | per ft. | |
| 5′ wooden sidewalk.... | 820 ft. | per ft. | |
| Repair of macadam between 7th and 5th. Macadam 6″ thick by 20′ x 355=160 cu. yds. consolidated. | | cu. yds." | |

The failure to allege that these exhibits constituted all the data filed with the city auditor becomes important in the case, as will hereinafter be shown.

Thereafter the council caused the following advertisement for bids to be published:

"Notice is hereby given, that the committee on streets and public ways of the common council of the City of Astoria, will on the 27th day of July, 1918, at the hour of 2 o'clock P. M., in the office of the auditor and police judge, in the city hall, of the city of Astoria, open bids for improving Olney Avenue from the west line of 5th Street to the east line of 10th Street, excepting the intersection or crossing of Olney Avenue with 7th Street, according to plans and specifications and ordinance number 5275 providing

for the time and manner of making said improvement, which ordinance was approved on the 19th day of July, 1918.

"Sealed bids will be received by the auditor and police judge, up to the hour of 2 o'clock P. M., of said 27th day of July, 1918.

"A certified check for an amount equal to five per cent of the total amount bid must accompany each bid, which said certified check shall be made payable to the order of the city of Astoria, Oregon, and each proposal must be accompanied by the guarantee of responsible sureties to furnish bond in the amount of 75 per cent of the total amount bid, if the proposal is accepted.

"Character of Work.

"Excavation, 9650 cu. yds.; embankment, 17,087 cu. yds.; 16-ft. planked roadway, 390 ft.; 5-ft. wooden sidewalk, 820 ft.; repair to existing macadam; macadam roadway 20 feet wide by 355 ft. long and 6 in. thick.

"Plans and specifications and blank forms of proposal are on file with the auditor and police judge and city surveyor, and may be had upon application to the city surveyor, at the city hall, upon deposit of the sum of $5.

"The right is reserved to reject any and all bids."

The plaintiff, relying upon the specifications as to the amount of embankment, bid the sum of $19,849 for the completion of the whole work, and his bid was accepted. He then gave his bond and entered upon the work of making the improvement. The foundation of this action lies in the fact that in his computation as shown above the city surveyor made a mistake as to the number of cubic yards of embankment to be constructed, so that instead of necessitating 17,087 cubic yards the improvement actually required 28,567, involving, according to the complaint, an additional cost of $14,258. After plaintiff had entered upon the prosecution of the work he dis-

covered this mistake and notified the city surveyor, who demanded that he go ahead and complete his contract. He notified the city, so the complaint states, that he would complete the contract under protest, but would hold the city liable in damages sustained by him by reason of the mistake in the specifications. He completed the work and the city paid him . the contract price but refused to pay his claim of $14,258 for the additional embankment; and this action follows.

Plaintiff's case is this: The city invited him to bid on a contract, representing in its invitation that he would have to construct approximately 17,000 cubic yards of embankment, when in fact there were over 28,000 yards. He relied on this representation and after he had given his bond to complete the street and entered upon the work he found that he had been deceived to the extent above indicated, through the mistake of the city surveyor in preparing the specifications. His contract did not provide that he should be paid a certain amount per cubic yard for constructing the embankment, but it was in gross, requiring him to complete the whole improvement for a certain sum. There is no provision for payment for extra work; indeed, such payment is excluded by the terms of the contract. Plaintiff's remedy, if any, must therefore be found in an action for damages for the loss occasioned by the misleading error of the city surveyor. Were this an action by a contractor against a private person who had so negligently misled him and caused him to incur extra expense, the remedy would be plain. The law would say that, having misled the contractor by his representation if negligently made, and having profited by the result of his labors, the employer should make good the damages caused to the contractor by the

employer's mistake. But municipal corporations of
the present day are so hedged about with provisions
restricting their liability that it becomes a matter of
extreme nicety to determine whether or not such lia-
bility exists in a case like the present.

1, 2. It is easy to say that a municipal corporation
has no more right to be dishonest than a private in-
dividual, but the books are full of cases in which
municipal corporations have been permitted by the
peculiar provisions of their constitutions to escape
liability for acts or omissions for which a private
citizen would have been compelled to respond pecuni-
arily. It is settled, however, in this state that a
municipal corporation cannot escape liability for an
ordinary tort arising from its negligent acts or
omissions, unless its charter or ordinance provides
an equivalent remedy against the officer through
whose agency or negligence the wrong was committed.
Here the advertisement for bids was inserted by
virtue of the provisions of the charter prepared by
the city's agents and was therefore the city's invita-
tion to bid, and whatever representations it con-
tained were the city's representations. When the
advertisement, by a mistake amounting to negligence,
materially understated the amount of embankment
which the contractor would be required to construct,
it was the city's misrepresentation; and if the con-
tractor had a right under the circumstances to rely
upon it as being approximately correct, and so rely-
ing made a ruinous or unprofitable bid, we see no
reason, if the other elements necessary to a recovery
are present, why the city should not be held liable;
and this, not on the ground of a contract or on a
*quantum meruit* for the reasonable value of the labor
and expense of the contractor in bringing the em-
bankment up to grade, but as damages for a negli-

gent act whereby the contractor was induced to enter into the contract and to expend a greater sum in completing it than would have been necessary had the conditions been correctly stated.

The demurrer is based on the theory that the action is brought upon the contract and that plaintiff is precluded not only by the charter of the defendant city, but also by the contract itself, to recover for extra work made necessary by the conditions actually existing upon the ground and which were not in the contemplation of the parties when the contract was executed. If the premise is correct, the defendant's contention is well founded. But while the complaint is somewhat indefinite and subject to criticism on that account, we are of the opinion that taken as a whole it sounds in tort rather than contract. Although the measure of damages in either case would .be the sum expended by plaintiff in the construction of the additional quantity of embankment required to complete the improvement, the complaint, if it charges actionable damages, considered as an action for damages, would not be in the respects mentioned vulnerable to a general demurrer.

As the element of falsity of the representation is admitted by the demurrer, we next come to the question of intent to deceive, so far as intent is necessary. It is not alleged in the complaint that the city or its officers knew as a matter of fact that the representation was false. Neither is it alleged that the city knew that the city surveyor was incompetent. It is charged that the misrepresentation was occasioned by an error of that officer in making his computation. The city owed a duty to prospective bidders to state with approximate accuracy the correct amount of earth required for the embankment, if it

attempted to state it at all. It was a matter of engineering and computation capable substantially of mathematical demonstration, and a negligent failure of the officer designated by the city to make the surveys and prepare the specifications to make these computations with the care necessary to insure their substantial accuracy might under some circumstances be such negligence as would amount to a tort, and we see no difference in this regard from hundreds of other cases in the books where a party has recklessly or negligently made an untrue representation in regard to a material fact without taking pains to assure himself that in such cases the party so misled is entitled to recover to the same extent that he would have done had the representation been willfully and intentionally false.

It is urged, however, that a reference to the profile included in the contract would readily have shown the error and advised plaintiff of the fact that the specification in regard to embankment was several thousand cubic yards more than the computation indicated. With the limited knowledge of engineering possessed by members of this body, we are unable to say as a matter of law that this is the case. The writer has been unable to make such computation, and if it is within the bounds of mathematics for any expert to do it, it would seem to be rather a matter for expert testimony than judicial notice. The complaint does not in express terms allege that the profile and computation which are made part of the complaint were all the data on file in the office of the city auditor, and although this seems to be substantially assumed in the briefs, we think the complaint defective in not so stating. We do not believe that in view of the advertisement and the repre-

sentations therein it was incumbent upon the contractor to make new surveys or calculations from an independent profile, if this profile and the accompanying specifications were all that were on file, in order to verify the city surveyor's calculations. But, assuming that the computations and profile prepared by the city surveyor were all the data filed with the auditor, to which prospective bidders were referred, we think that plaintiff had a right to rely upon the city surveyor's computations as being substantially correct.

3. The defendant contends that the plaintiff proceeded to complete his contract after discovery of the mistake in the surveyor's computations and has therefore waived his right to recover for the additional expense incurred by reason of the mistake; in other words, that plaintiff cannot sue for damages without having rescinded the contract upon the discovery of the misrepresentation. Such is not the law, and would work a great hardship in a case of this kind where the work had been partially completed before such discovery was made. The rule is exactly the opposite. A party induced by a false representation to enter into a contract may proceed to perform it and sue for damages for the misrepresentation: *Whitney* v. *Allaire*, 4 Denio (N. Y.), 554; *Mallory* v. *Leach*, 35 Vt. 156 (82 Am. Dec. 625).

So far, we hold with the plaintiff. But the complaint is defective in this, that it merely states that there was a mistake made by the surveyor. It does not charge that the error was due to carelessness, negligence or incompetency of the agent of the city who made it. In these respects the complaint does not state facts sufficient to constitute a cause of action. We have considered and discussed the other

points raised because we have not been unmindful of the moral injustice of a failure of the city to compensate the plaintiff for the consequences of its erroneous specifications, should they appear to have been negligently made, and because it appears at least possible that the omissions above noted may be corrected in a new action. The judgment of the Circuit Court so far as it sustains the demurrer will be affirmed. But in view of the conditions above recited and upon the authority of *Williams* v. *Pacific Surety Co.*, 66 Or. 151, 157 (127 Pac. 145, 131 Pac. 1021, 132 Pac. 959, 133 Pac. 1186), the cause will be remanded to the Circuit Court with permission to plaintiff to apply there for leave to amend his complaint. The defendant will recover the costs of this appeal.                                                AFFIRMED.

BURNETT, C. J., concurs in the result of this opinion.