A. D. ODOM ET AL., APPELLANTS, v. LOUISE W. LANGSTON ET AL., RESPONDENTS.—170 S. W. (2d) 589.

Springfield Court of Appeals, September 14, 1942.

722

J. N. Burroughs, Frank B. Williams and Sam M. Wear for appellants; Joe N. Brown, of Counsel.

A. W. Landis, M. E. Morrow, Arch A. Johnson, Herman Pufahl, R. L. Hyder and Scarritt, Jones & Gordon for respondents.

BLAIR, P. J.—This suit originated in the Circuit Court of Howell County and went to the Circuit Court of Douglas County on change of venue. The Judge of the Douglas County Circuit Court sustained a demurrer to plaintiffs' (appellants') amended petition in two counts. Plaintiffs stood on their petition, suffered judgment and an appeal was granted to them to the Supreme Court of Missouri. The court has transferred the case to this court, on the ground that the amount in dispute was not affirmatively shown by the record in the case to have exceeded $7500. [Odom v. Langston, 159 S. W. (2d) 686.]

The appellants have filed in this court a motion to retransfer the case to the Supreme Court, on the ground that this court has no appellate jurisdiction because the amount in dispute exceeds $7500. As our jurisdiction is thus attacked, we will take that question first, because jurisdiction cannot be conferred on this court by agreement, and we do not believe even by the order of the Supreme Court, unless we actually have such jurisdiction.

In the decision of the Supreme Court mentioned above that court made an order transferring the case to this court because it did not affirmatively appear from the record made in the court below that the amount in dispute exceeded $7500. We have come to the

conclusion that such transfer was inadvertent and that the Supreme Court must have overlooked the allegations of the amended petition fixing the value of the property at about $95,000, and we believe that appellate jurisdiction lies only in the Supreme Court, because the amount in dispute in the case exceeds $7500.

In the opinion referred to the Supreme Court properly held that the record in the case below must affirmatively show that the amount in dispute exceeds $7500 or the proper Court of Appeals, being a court of general appellate jurisdiction, will have appellate jurisdiction in the particular case. The only record, where a demurrer to the petition is sustained, is the petition itself and the allegations of fact made in such petition must be taken as absolutely true, and, in such a case, the allegations of the petition are all of the record of facts before the trial court.

The suit in the circuit court was for the cancellation of a trust agreement and the only record of the value of the property involved—the amount in dispute—was the allegation of the petition. The amended petition, to which a demurrer was sustained, contained the following allegation: ''that the property was taken over and is now held by the said parties claiming to act in the capacity of trustees under said instrument of writing, consists of money, notes, government bonds, industrial stocks and bonds and other securities of the value of about ninety-five thousand dollars.''

It must be remembered that this was a suit to cancel and set aside a trust agreement and to restore the property conveyed by such agreement to the plaintiffs and that such property could not be reduced in value by the proving of claims, or otherwise, as in a will case. We have nothing to do with the status of plaintiffs. For the purposes of the demurrer, plaintiffs have the absolute right of ownership of the property.

Surely neither the Supreme Court, nor any other court, would say that the record did not consist of the allegations of fact in the petition, when a demurrer was sustained to such petition. If that should be the ruling, the amount in dispute could never be shown, no matter if the petition alleged the value of the property to be in any amount whatever. Such value must be taken as the amount in dispute. No other amount is in dispute.

If the Supreme Court saw the allegation of the amended petition, the case must have been transferred by it to this Court on account of the use of the word ''about'' in the petition.

We have carefully checked appellants' motion to transfer this case back to the Supreme Court and fully approve of what is said therein, as follows:

''. . . that the use of said qualifying word 'about' gives said allegation the legal effect of stating 'that the actual quantity is a near approximation to that mentioned, and its effect is to provide against accidental variations', (Bouvier's Law Dictionary, Rawles's

Third Revision), page 91; that the qualifying word 'about', as used in said allegation, means 'approximately; with some approach to exactness in respect to quantity'. Webster's New International Dictionary, Second Edition, page 7; that the qualifying word 'about', as used in said petition, is a synonym for the word 'nearly' or 'approximately' and such use is sanctioned by definitions found in the various standard dictionaries. Understood in this sense it has been held that it cannot be said that a charge in an information that defendant stole 'about $80.00 lawful money of the United States of America' rendered the information demurrable for uncertainty. [1 Words and Phrases (Permanent Ed.), p. 108, citing; People v. Peltin, 92 Pac. 980, 1 Calif. App. 612.]"

In addition, the word "about" is defined by Henry C. Black in his Law Dictionery, at page 8, as "nearly; approximating to; in the neighborhood of; not much more or less than. An expression constantly used where a time or sum cannot be precisely stated, importing the possibility of a small variation from it."

In 1 C. J. S., page 348, the word "about" is defined as follows: "When used in estimating value the word has the meaning of nearly, approximately, almost, substantially; and the use of the word will cover any slight variation in the amount or value stated."

Practically the same definition is found in 1 C. J., page 339.

Surely the Supreme Court could not say that the allegation that the property was of the value of "about ninety-five thousand dollars" was not an allegation of the value of the property (the amount in dispute in this case) and was not an allegation that the amount in dispute did not exceed $7500.

In so holding the Supreme Court must have inadvertently overlooked this allegation of the petition or misconstrued such allegation. We believe that the amount in dispute must be regarded as "nearly" or "approximately" $95,000. Surely $7500 cannot be said to approximate $95,000.

That the Supreme Court is not bound by its previous statement of its want of appellate jurisdiction in transferring a case to a court of appeals is evident from the case of State ex rel. Brown v. Hughes, 137 S. W. (2d) 544, by the Supreme Court en banc, quashing the opinion of the St. Louis Court of Appeals, in Brown v. Wilson, 131 S. W. (2d) 848, after the Supreme Court had once transferred the original case to the St. Louis Court of Appeals, on stipulation, because it did not appear that the Supreme Court had appellate jurisdiction, and the Supreme Court had inadvertently so held.

Should the Supreme Court later conclude that it had inadvertently transferred this case to the Springfield Court of Appeals, there is no reason, under its former holdings, why the Supreme Court could not later quash our opinion on the merits, should that Court hereafter conclude that this Court had no appellate jurisdiction.

For the reason given immediately above and for other reasons stated in this opinion, the motion to retransfer should be sustained and the case ordered transferred back to the Supreme Court of Missouri for want of appellate jurisdiction in this Court. *Fulbright, J.,* concurs; *Smith, J.,* not sitting.