**FRANK COLUCCIO CONSTRUCTION COMPANY, Plaintiff–Appellant,**

v.

**CITY OF SPRINGFIELD, Missouri, Defendant–Respondent.**

No. 71451.

Supreme Court of Missouri, En Banc.

Nov. 14, 1989.

Roy Bash, Richard W. Miller, Peter R. Healy, Kansas City, Mark L. McQueary, Springfield, for plaintiff-appellant.

Robert H. Handley, Springfield, Bruce A. Ring, Jefferson City, for defendant-respondent.

HIGGINS, Judge.

Appellant Coluccio, a prime contractor, sued respondent for damages on behalf of its subcontractor, Garney Companies, Inc. The trial court sustained Defendant's Motion to Dismiss, and the Southern District affirmed the judgment of dismissal. This Court transferred the case on a question of general interest and importance.

Collucio alleges Springfield misrepresented underground conditions on a sewer project. Counts I and II assert Garney relied on the alleged misrepresentation and was damaged as a result. Neither count asserts that Coluccio relied or was damaged, or that Coluccio is liable to Garney for damages. Count III alleges essentially the same as do Counts I and II, adding: Coluccio has a contractual right to payment for the benefit of its subcontractor Garney; Springfield breached the contract by its failure to pay; and damages were incurred. The principal question is whether Coluccio, the prime contractor, can prosecute its subcontractor's claim against the contractee, City of Springfield. This Court holds that

Counts I, II and III state a cause of action and that Coluccio is entitled to bring the action. Reversed and remanded.

Coluccio contends when all inferences are viewed in his favor, Counts I, II and III state a cause of action that Coluccio may prosecute. Coluccio focuses the inquiry on whether the sums recovered will benefit Garney, arguing the burden is on Springfield to raise and prove as an affirmative defense that Coluccio's claims are not, in fact, made on behalf of Garney.

*American Drilling v. City of Springfield*, 614 S.W.2d 266, 271 (Mo.App.1981), sets forth the standard of review when a petition is attacked on a motion to dismiss, stating a plaintiff is entitled to the benefit of all favorable inferences that are fairly deducible from the facts in the petition.

■ Springfield argues that normal Third–Party Practice rules, Rule 52.11 Mo.R. of Civ.Pro., and *Murphy v. City of Springfield*, 738 S.W.2d 521 (Mo.App.1987), provide an adequate avenue for Garney's redress. *Murphy* and Rule 52.11 do provide alternative remedies to a subcontractor, but do not purport to preclude a prime contractor from filing suit in behalf of its subcontractor.

■ Springfield argues this is a claim in tort, thus Coluccio must show a legal obligation to reimburse Garney. Although this cause of action for misrepresentation may sound in tort, *Clark v. City of Humansville*, 348 S.W.2d 369, 372 (Mo.App. 1961), it is inextricably tied to the existence and performance of the prime contract. *See Ideker, Inc. v. Missouri State Highway Commissions*, 654 S.W.2d 617, 624 n. 3 (Mo.App.1983).

*Bernard McMenamy Contractors v. Missouri State Highway Commission*, 582 S.W.2d 305, 316 (Mo.App.1979), requires a showing that the prime contractor is liable to the subcontractor for the prime contractor to have a basis for recovery against the governmental unit. *See also Kensington Corp. v. State*, 74 Mich.App. 417, 253 N.W.2d 781, 783 (1977), and *J.L. Simmons Company v. United States*, 158 Ct.Cl. 393, 304 F.2d 886, 888 (1961), which hold a prime contractor must reimburse its subcontractor or confess liability for the subcontractor's damages to recover from the governmental unit.

*J.A. Tobin Const. v. State Highway Commission*, 680 S.W.2d 183, 191 (Mo.App. 1984), interprets *McMenamy* that "from a reading of *McMenamy*, ... a contractor may include as part of its claim against the Commission [governmental unit] the amount due a subcontractor, provided that portion of the contractor's claim is not based on speculation and is liquidated." "Speculative" and "liquidated" are defined as follows:

> [T]he evidence, both oral and documentary, was explicit and reflected actual out-of-pocket expenses by Universal. There was no speculation on the amount of Universal's claim against Tobin. The claim figures were defined and fixed, thus the sum claimed due was liquidated. Further, the testimony of witness Matchette clearly established that the claim by Universal as against Tobin was based upon the delay occasioned by the failure to relocate the utility lines.

*Id.*

The principle this Court adopts "is that the contractee should be responsible to the contractor for costs or damages resulting from the performance or breach of the contract, whether the contractor performed the work himself or sublet it to others." *Buckley & Company v. State*, 140 N.J.Super. 289, 356 A.2d 56, 73 (1975). The United States Supreme Court discussed this, stating:

> Respondent [the prime contractor] was the only person legally bound to perform his contract with the Government and he had the undoubted right to recover from the Government the contract price ... whether that work was performed personally or through another. This necessarily implies the right to recover extra costs and services wrongfully demanded of respondent under the contract, regardless of whether such costs were incurred or such services were performed personally or through a subcontractor. Respondent's contract with the Government

is thus sufficient to sustain an action for extra costs wrongfully demanded under that contract.

*United States v. Blair,* 321 U.S. 730, 737–38, 64 S.Ct. 820, 824, 88 L.Ed. 1039 (1944). *See Donovan Constr. Co. v. United States,* 138 Ct.Cl. 97, 149 F.Supp. 898, 900 (1957), holding a prime contractor is not required to plead his liability to the subcontractor.

A confession of absolute liability is not required. Coluccio's petition asserted the judgment would be for the benefit of Garney. Coluccio has the obligation to render any benefits received to Garney. Springfield allegedly caused the damages to Garney; thus Coluccio is not liable to Garney. This claim exists only where the subcontractor agrees fault for damages suffered lies with the contractee and not the prime contractor.

■ This Court adheres to the teachings of *Tobin, Blair* and *Buckley* and holds a prime contractor may maintain a suit in behalf of the subcontractor injured by a positive misrepresentation of a governmental unit to a prime contractor, provided the claim is not based on speculation and is liquidated. In this respect *McMenamy* is no longer to be followed.

Springfield contends Garney is the real party in interest, Coluccio's liability to Garney is unclear, the damages are unliquidated, and standing is to be pleaded and goes to the jurisdiction of the court to entertain the action.

Throughout its petition, Coluccio pleaded that the monies to be recovered were for the benefit of Garney, and Garney relied on the representations made by Springfield to Coluccio and suffered damages. Garney's damages as a direct and proximate result of Springfield's alleged misrepresentations are specifically set forth in each Count. At most this is a matter of factual allegation that must be resolved in favor of Coluccio in determining whether to dismiss the petition. *American Drilling,* 614 S.W.2d at 271.

Springfield contends standing of a party to prosecute an action of a third party is not a matter to be raised and disproved by the defendant. However, this misconstrues Coluccio's position and overlooks the rule that standing is an affirmative defense for the governmental entity to raise and prove. *See Blount Brs. Constr. Co. v. United States,* 171 Ct.Cl. 478, 346 F.2d 962, 965 (1965).

■ The policy behind such standing is that where the governmental unit, through positive misrepresentations or breach of its construction contract, has caused damages to a subcontractor of the prime contractor, such prime contractor may bring an action against the governmental unit for damages sustained by its subcontractor. Governmental construction contracts differ from other contracts in that they are awarded by competitive bid and not subject to bilateral, arm's-length negotiations. *Kensington Corporation v. State,* 253 N.W.2d 781, 784, 74 Mich.App. 417 (1977), noted that these cases must "take cognizance of the realities of government contracts," holding that "the burden is properly on the defendant to show that the prime contractor is absolved from liability, particularly when, as here, there is no question but that recovery will properly go to the injured subcontractor."

Garney and Coluccio are in privity due to their subcontract agreement. Coluccio pleaded that the suit was brought on behalf of Garney; thus Garney will be bound by the resolution of this cause of action. Any public policy interest in protecting the city from the dangers of a dual recovery or liability is provided by allowing the city to raise the issues of *Severin v. United States,* 99 Ct.Cl. 435 (1943), *cert denied,* 322 U.S. 733, 64 S.Ct. 1045, 88 L.Ed. 1567 (1944), that the prime contractor has been relieved of its responsibility to pay any recovery to the subcontractor. "To come under the 'Severin' doctrine the defendant must show, through some contractual term or a release, that the plaintiff-prime is not liable to the subcontractor." *Blount,* 346 F.2d at 965. Where the governmental unit is allowed to raise the defense that the prime contractor has been relieved of its responsibility to pay any recovery to the subcontractor, there will be no risk of collu-

sion or attempted double recovery against the government.

The judgment of dismissal is reversed and the cause is remanded for further proceedings.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and BILLINGS, JJ., and SHANGLER, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.